# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ERIC D. BOYD,

      Petitioner,

v.

KURT JONES,

      Respondent,

_____/

Civil No. 05-73792-DT
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Eric D. Boyd, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction of second-degree criminal sexual conduct, M.C.L.A. 750.520c. The Court has reviewed the instant petition for writ of habeas corpus and has concluded that it is subject to dismissal because it contains claims that have not been exhausted with the state courts. However, instead of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust these claims, failing which the petition shall be dismissed. The Court will also administratively close the case.

## I. Background

1

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Boyd,* 214097 (Mich.Ct.App. September 15, 2000); *aff'd* 470 Mich. 363; 682 N.W. 2d 459 (2004)(Kelly, and Cavanagh, JJ. dissenting).

On September 27, 2005, Petitioner filed the instant application for writ of habeas corpus with this Court. [1]  Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Sentencing Guidelines.

II.  The question *in limine* [involving the admission of Petitioner's statement to the police into evidence after he asserted his Fifth Amendment rights].

III.  The judge vouched for the credibility of the prosecution's witness and case.

IV.  180 day rule/Ineffective assistance of [trial] counsel.

## II.  Discussion

The instant petition is subject to dismissal because it contains claims that have not been exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).  The

---

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on September 27, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, Petitioner admits that he failed to exhaust his fourth claim, which actually involves two separate claims.  Petitioner first alleges that his right to a speedy trial was violated, because he was not brought to trial in compliance with Michigan's 180 day rule.  Petitioner further alleges that he was deprived of the effective assistance of trial counsel.

In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *Foster v. Withrow,* 159 F. Supp. 2d at 638 (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)).  Therefore, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  Because the issues presented in Petitioner's fourth claim have not been presented to the Michigan courts, these issues

3

remain unexhausted.

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000).  Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423.  Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.*

In his petition for writ of habeas corpus, Petitioner indicates that his fourth claim [or claims] was not presented to the Michigan courts because appellate counsel refused to argue or present these issues to the Michigan appellate courts.  An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise the issues contained in Petitioner's fourth claim on Petitioner's appeal of right would not render exhaustion futile, because Petitioner still has available state court remedies with which to exhaust

these claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly,* 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986)(allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective).

Petitioner's method of properly exhausting this claim or claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there is the possibility that Petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim or claims in the state courts.  The filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to

5

suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).  However, the Supreme Court's decision in *Duncan* did not preclude federal district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* 533 U.S. at 182-83 (Stevens, J., concurring). *See also Palmer v. Carlton,* 276 F. 3d 777, 780-81 (6th Cir. 2002)(implicitly adopting Justice Stevens' recommended course of action).

In this case, the outright dismissal of the petition, albeit without prejudice, may result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).

The United States Supreme Court has recently ruled that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance

6

pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

The Supreme Court has not yet defined what would constitute good cause for purposes of staying a mixed habeas petition and holding it in abeyance pending the exhaustion of claims in the state courts. However, ineffective assistance of counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Recently, this Court found that an appellate counsel's ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005). This Court believes that appellate counsel's failure to raise these claims on Petitioner's direct appeal constitutes good cause for his failure to exhaust these claims with the state courts. Furthermore, these claims do not appear plainly meritless. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

7

In order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow Petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See e.g. Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III.  ORDER

Accordingly, it is **ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the Petitioner's exhaustion of the claim or claims. The Petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

8

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 14, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 14, 2005.

s/Carol A. Pinegar
Deputy Clerk

9